Paloma P. Peracchio, CA Bar No. 259034
paloma.peracchio@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:    213-239-9800
Facsimile:    213-239-9045

Mitchell A. Wrosch, CA Bar No. 262230
mitchell.wrosch@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:    714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendant Walmart Inc.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTHA CASTRO, individually and on behalf of other individuals similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:20-at-450<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT WALMART INC.**<br><br>Complaint Filed: March 24, 2020<br>Trial Date:      None Set<br>District Judge:  Hon. TBD<br>Magistrate Judge: Hon. TBD |

42591774_1.docx

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF MARTHA CASTRO AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711, Defendant Walmart Inc. ("Walmart"), hereby removes to the United States District Court for the Eastern District of California, the above-captioned state court action, originally filed as Case No. SCV0044650 in Placer County Superior Court in the State of California. Removal is proper for the reasons explained below.

## TIMELINESS OF REMOVAL

1. Plaintiff Martha Castro filed a putative Class Action Complaint ("Complaint") against Walmart Inc. on March 24, 2020. *See* Declaration of Paloma Peracchio ("Peracchio Decl."), Ex. A. Plaintiff served the Complaint on April 6, 2020. *Id*. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of any and all process, pleadings and orders served upon Walmart are attached as Exhibit A to the Peracchio Declaration, filed concurrently herewith. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant has removed this action within 30 days of being served.

## GROUNDS FOR REMOVAL

2. Defendant is authorized to remove this action to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711 ("CAFA") since Plaintiff has filed a class action complaint where the amount in controversy exceeds five million dollars and Walmart is a citizen of a state different from Plaintiff.

**A.    Plaintiff Brings This Case as a Class Action against Defendant**

3. Plaintiff's Complaint is titled "CLASS ACTION."  (*See* Complaint, Caption.)

4. Plaintiff's Complaint alleges that "This matter is brought as a class action pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and the Plaintiff Class, which is defined more specifically below, but which is comprised, generally, of all former and current employee of Defendants WALMART INC.; a Delaware corporation; who hold or held the job positions which Defendants classified as 'non-exempt' at any of Defendants' facilities in California

42591774_1.docx

1                                              Case No. 2:20-at-450
NOTICE OF REMOVAL OF ACTION BY DEFENDANT WALMART INC.

and throughout the United States." (Complaint ¶ 6.) Plaintiff's Complaint further specifies the classes she seeks to represent as the "Plaintiff Class" and the "Terminated Sub Class." (Complaint, ¶ 45.) The "Plaintiff Class" is defined as "[a]ll persons who have been, or currently are, employed by Defendants and who held, or hold, job positions which Defendants has classified as 'non-exempt' employees in the State of California." (*Id*.) The "Terminated Sub Class" is defined as "[a]ll members of the Plaintiff Class whose employment ended during the Class Period." (*Id*.) Per the Complaint, "[t]he Class Period is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter." (*Id*.)

5.   Plaintiff's Complaint alleges "Plaintiff seeks relief on behalf of herself and the members of the Plaintiff Class as a result of employment policies, practices and procedures more specifically described below, which violate California *Labor Code* and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards." (Complaint, ¶ 3.)

6.   Plaintiff's Complaint brings the following causes of action on behalf of herself and the putative classes for the Class Period: (1) Failure to Pay all Wages in Violation of California Labor Code §§ 1194, 1194.2, 1197, 1197.1; (2) Failure to Pay All Wages Owed at Termination in Violation of California Labor Code § 203; (3) Failure to Furnish an Accurate Itemized Wage Statement upon Payment of Wages in Violation of California Labor Code § 226; and (4) Violations of California Business & Professions Code §§ 17200, *et seq*. (Complaint ¶¶ 53-87.)

7.   Walmart denies any liability in this case, as to Plaintiff's individual and class claims, and will present compelling defenses to these claims on the merits. Walmart intends to oppose class certification. Walmart expressly reserves all rights in this regard. However, for purposes of the jurisdictional requirements for removal only, Walmart notes that, as set forth in more detail below, the allegations in Plaintiff's Complaint that she seeks to represent all current and former non-exempt employees of Walmart in California from March 24, 2016 to judgment, puts in controversy an amount that exceeds $5 million. See 28 U.S.C. § 1332(d)(6).

/ / /

/ / /

42591774_1.docx

2                                              Case No. 2:20-at-450
NOTICE OF REMOVAL OF ACTION BY DEFENDANT WALMART INC.

### B. There Are More Than 100 Members in the Proposed Class

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, in addition to the other requirements of § 1332(d), the action involves a putative class of at least 100 persons. Plaintiff alleges that this action is brought on behalf of all current and former non-exempt employees of WALMART INC. in the State of California at any time beginning four years prior to the filing of the Complaint through judgment. (Complaint ¶¶ 6, 8.) Plaintiff is a former hourly-paid Walmart associate,[1] who was employed by Walmart from July 8, 2006 to August 10, 2019, and worked during that timeframe at Walmart Store #1988 in Roseville, California. (Jackson Decl. ¶ 3.) There are 221,447 current and former non-exempt associates who worked at a Walmart store in California during the time period of March 24, 2016 to April 10, 2020. (Jackson Decl. ¶ 4.) Although Walmart denies that class treatment is appropriate, there can be no question that, should Plaintiff's proposed class be certified, it would consist of far more than 100 members.

### C. Walmart is a Citizen of a Different State than Plaintiff

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, in addition to the other requirements of § 1332(d), a member of the class is a citizen of a state different from any defendant. See 28 U.S.C. § 1332(d)(2)(A).

10. A person is a "citizen" of the state in which he/she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges in her Complaint that "Plaintiff is a resident of Roseville, California." (Complaint, ¶ 12.) Plaintiff was employed by Walmart from July 8, 2006 to August 10, 2019. (Jackson Decl. ¶ 3.) At all times during her employment, Plaintiff worked at Walmart store #1988, located in Roseville, California. (Jackson Decl., ¶ 3.) The last known home address that Walmart has had on file for Plaintiff at the time of her termination is an address in Roseville, California. (*Id.*) As such, Plaintiff is a citizen of California.

///

///

---

[1] Walmart refers to its employees as "associates."

11. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant Walmart Inc. is incorporated in the State of Delaware and has its principal place of business in Bentonville, Arkansas. (Peracchio Decl. ¶ 5.)

12. Walmart's "principal place of business," which the Supreme Court has interpreted to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities" (*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010); 28 U.S.C. § 1332(c)(1)) is Bentonville, Arkansas. Thus, Walmart is a citizen of Delaware and Arkansas – <u>not</u> California – and there is accordingly the minimal diversity between the parties that is required under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A); *Hertz*, 130 S. Ct. at 1192; *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1230 n.2 (9th Cir. 2011).

**D.    The Amount in Controversy Exceeds $5 Million**

13. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) because, in addition to the other requirements of § 1332(d), the amount in controversy exceeds $5 million, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2).

**1.    Failure to pay all Wages**

14. California Labor Code Section 1197 states that it is unlawful for an employee to pay its employees a wage lower than the minimum wage fixed by the commission, or by any applicable state or local law. Labor Code Section 1194 states that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation…".

15. Plaintiff alleges that "[f]or at least the four (4) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked." (Complaint, ¶ 55.) Plaintiff claims this was a result of "policies that actively prevented employees from being compensated for all time worked by subjecting employees to security checks." (*Id.*) Specifically, "Plaintiff alleges that after 'clocking out' Plaintiff and other aggrieved employees would get their belongings from their lockers, then would go to the exit where customers leave the store and wait in line with the general public to have their bags searched." (Complaint, ¶ 56.) Plaintiff's Complaint continues: "Plaintiff alleges that

the process can take approximately two (2) to ten (10) minutes depending on the number of people in line." (Complaint, ¶ 57.) Plaintiff contends that this occurrence was "<u>daily</u>" for the putative class members. (Complaint, ¶ 58.)

16. Plaintiff also claims that "Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the Plaintiff Class for all wages earned and hours worked, in violation of state law." (Complaint, ¶ 60.) Plaintiff contends that, as a result of Walmart's alleged conduct, "Plaintiff and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action . . ." (Complaint, ¶ 59.)

17. Defendants deny that they failed to compensate Plaintiff or the putative class members for all hours worked. However, because Plaintiff has alleged that for the time period of March 24, 2016 to the present, Walmart failed to pay wages to Plaintiff and the Plaintiff Class for two to ten minutes of time <u>every single day</u> that they worked, the Court should apply to the amount in controversy requirement an extremely conservative assumption of 10 minutes of unpaid time for each putative class member during each pay period worked by the Plaintiff Class (this assumes one minute of unpaid wages per class member, per day, for five days per week – an even lower estimate than the minimum <u>two</u> minutes per day alleged by Plaintiff). (Complaint ¶¶ 45, 55-58.)

18. Estimating conservatively, the amount in controversy for Plaintiff's unpaid wages claim is in excess of **$13,084,999.00** ($1.66 [for 10 minutes of time [one minute a day, five days a week, for the entire two week pay period] at the rate of $10 per hour, which was the lowest minimum wage rate applicable during the class period] x 7,882,530 [pay periods worked by putative class]). (Jackson Decl., ¶ 6.)

### 2. Failure to Pay Wages at Termination

19. Labor Code Sections 201 and 202 require employers to timely pay their employees all wages owed at the end of their employment (immediately for involuntary terminations, and within 72 hours for voluntary resignations). Plaintiff contends that, due to the "off the clock" work associates performed during security checks for two to ten minutes per day, "Defendants regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to

42591774_1.docx

5   Case No. 2:20-at-450
NOTICE OF REMOVAL OF ACTION BY DEFENDANT WALMART INC.

California Labor Code §§ 201-203, and accordingly owe waiting time penalties pursuant to California Labor Code § 203." (Complaint, ¶¶ 65, 66.) Plaintiff defines the "Terminated Sub Class" as hourly employees of Walmart whose employment ended in the four years prior to filing the Complaint. (Complaint, ¶ 45.)

20. The statute of limitations for penalties under California Labor Code Section 203 is three years. *See* Cal. Civ. Proc. Code § 338(a).[2]

21. The total number of putative class members who stopped working at a Walmart between March 24, 2017 and April 10, 2020 is 104,385. (Jackson Decl. ¶ 5.) Because Plaintiff alleges in the Complaint that every single hourly associate had to pass through security checks without compensation, and because Plaintiff alleges that she and the putative class members are entitled to "all available statutory penalties," every putative class member who stopped working during the relevant time period is entitled to 30 days' continuation of wages as a penalty under California Labor Code section 203. *See Quintana v. Claire's Stores, Inc.*, 2013 WL 1736671, *4-6 (N.D. Cal. 2013) ("As to the waiting time claims, the court finds that Defendants' calculations" of thirty-days of waiting time penalties for each putative class member terminated during the statute of limitations "are supported by Plaintiff's allegations and are a reasonable estimate of the potential value of the claims."). For purposes of removal, Walmart will conservatively assume that average shifts were only four hours long. Further, for purposes of removal, Walmart will conservatively assume that the average rate of pay is the lowest applicable minimum wage during the class period, i.e., $10 per hour.

22. Thus, according to Plaintiff's allegation that Walmart "regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages[,]" Plaintiff contends that members of the Terminated Sub Class are entitled to recover at least **$125,262,000.00**, calculated as follows:

///

---

[2] Although Plaintiff defines the Class Period as four years prior to filing of the Complaint, a claim for waiting time penalties under Labor Code Section 203 has a statute of limitations of only three years because waiting time penalties cannot be recovered as restitution under California's Unfair Competition Law, which has a statute of limitations of four years and allows employees to seek penalties for some wage and hour violations for a four year period instead of the three year period. *See Pineda v. Bank of America*, 50 Cal. 4th 1389 (2010).

($10 minimum wage x 4-hour work day x 30 days waiting time penalty x 104,385 putative class members who stopped working for Walmart between March 24, 2017 and April 10, 2020).

### 3. Wage Statements

23. California Labor Code section 226(a) states that every employer shall furnish his or her employees an accurate itemized wage statement in writing showing nine specific categories of information. Plaintiff alleges that Walmart violated this statute as to every associate during every pay period because "Defendant failed to include accurate hours and gross wages earned due to Defendants' systematic policies of failing to compensate Plaintiff and members of the Plaintiff Class for all time worked, including time spent 'off the clock [from security checks].'" (Complaint, ¶ 72.)

24. California Labor Code section 226(e) provides for the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each subsequent pay period. The applicable statute of limitations is one year. Cal. Code Civ. Proc. §340(a).

25. During the time period of March 24, 2019 to April 30, 2020, approximately 2,047,426 wage statements were issued to putative class members. (Jackson Decl., ¶ 6.) Plaintiff's wage statement claim is based on her allegation that the wage statements failed to account for off-the-clock work which was performed by the putative class members "daily." (Complaint, ¶¶ 29, 58.) Therefore, utilizing an alleged violation rate of 100% is proper here because Plaintiff has alleged that the putative class members worked off the clock every day, and thus a 226 violation would appear on every one of their wage statements. Applying the initial violation rate of $50 penalty per wage statement, the total amount in controversy for this cause of action is **$102,371,300.00** (2,047,426 wage statements x $50 per statement).

### 4. Attorneys' Fees

26. Plaintiff's Complaint requests "reasonable attorneys' fees" pursuant to California Labor Code Sections 226 and 1194. (Complaint, Prayer for Relief.)

27. Under Ninth Circuit precedent, 25% of the common fund is generally used as a benchmark for an award of attorney fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Barcia v. Contain-A-Way, Inc.*, 2009 U.S. Dist. LEXIS 17119, at *15 (S.D. Cal., Mar. 6,

2009) ("In wage and hour cases, '[t]wenty-five percent is considered a benchmark for attorneys' fees in common fund cases.'") (citations omitted). Here, Walmart has established that the total amount in controversy is at least **$240,718,299.00**, and Plaintiff has not indicated that she will seek less than 25% of a common fund in attorneys' fees. (*See generally* Complaint, Prayer for Relief.) Although Walmart has shown that the amount in controversy absent attorneys' fees surpasses the jurisdictional threshold, this Court should nevertheless include the potential attorneys' fees in evaluating jurisdiction. *Gugielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *see also Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. 2012) (holding that defendant's inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendant's "base this amount by multiplying by twenty-five percent the sum of the amounts placed in controversy by the four claims" asserted by plaintiff.); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *6-7 (N.D. Cal. 2012) (holding that "it was not unreasonable for [Defendant] to rely on" an "assumption about the attorneys' fees recovery as a percentage of the total amount in controversy" and noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'")

28. Walmart denies that attorneys' fees are owed to Plaintiff or putative class members, and further reserve the right to contest the application of the 25% benchmark in this case. However, for purposes of this jurisdictional analysis only, Walmart relies on Plaintiff's allegations that attorneys' fees are owed. *Guglielmino*, 506 F.3d at 700; *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 579 F.3d 994, 1000 (9th Cir. 2007), overruled on other grounds by *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).

29. Using a 25% benchmark figure for attorneys' fees for Plaintiff's allegations results in estimated attorneys' fees of **$60,179,574.75**.

**E.   This Removal Satisfies the Procedural Requirements of 28 U.S.C. § 1446**

30. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending. The Placer County Superior Court is located within the Eastern District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

42591774_1.docx

8                                    Case No. 2:20-at-450
NOTICE OF REMOVAL OF ACTION BY DEFENDANT WALMART INC.

31. In accordance with 28 U.S.C. § 1146(a), copies of all process, pleadings, and orders served upon Walmart are attached as Exhibit B to the Peracchio Declaration, filed concurrently herewith.

32. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Placer.  Notice of Compliance shall be filed promptly afterwards with this Court.

33. As required by Federal Rule of Civil Procedure 7.1, Walmart concurrently filed its Certificate of Interested Parties.

## CONCLUSION

For the foregoing reasons, Defendants hereby remove the above-entitled action to the United States District Court for the Eastern District of California.

DATED:  May 6, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Paloma P. Peracchio*
Paloma P. Peracchio
Mitchell A. Wrosch
Attorneys for Defendant Walmart Inc.

42591774_1.docx

9    Case No. 2:20-at-450
NOTICE OF REMOVAL OF ACTION BY DEFENDANT WALMART INC.

**PROOF OF SERVICE**
*Martha Castro, et al. v. Walmart Inc., et al.*
Case No. 2:20-at-450

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On May 6, 2020, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION BY DEFENDANT WALMART INC.**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

　　☐　the written confirmation of counsel in this action:

　　☐　[Federal Court] the written confirmation of counsel in this action and order of the court:

☐ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

42591774_1.docx

10    Case No. 2:20-at-450
NOTICE OF REMOVAL OF ACTION BY DEFENDANT WALMART INC.

| | | |
|---|---|---|
| ☒ | **(Federal)** | I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. |
| ☐ | **(Federal)** | I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 6, 2020, at Costa Mesa, California.

*[signature]*

Lisa Sles

42591774_1.docx

11    Case No. 2:20-at-450
NOTICE OF REMOVAL OF ACTION BY DEFENDANT WALMART INC.

**SERVICE LIST**

| | |
|---|---|
| Marcus J. Bradley, Esq.<br>Kiley L. Grombacher, Esq.<br>Lirit A. King, Esq.<br>BRADLEY/GROMBACHER, LLP<br>31365 Oak Crest Drive, Suite 240<br>Westlake Village, CA  91361<br>Telephone:     805-270-7100<br>Facsimile:      805-270-7589<br>mbradley@bradleygrombacher.com<br>kgrombacher@bradleygrombacher.com<br>lking@bradleygrombacher.com | Attorneys for Plaintiff<br>Martha Castro individually and on behalf of all others similarly situated |
| Sahag Majarian, II, Esq.<br>LAW OFFICES OF SAHAG MAJARIAN II<br>18250 Ventura Blvd.<br>Tarzana, CA  91356<br>Telephone:     818-609-0807<br>Facsimile:      818-609-0892<br>sahaii@aol.com | Attorneys for Plaintiff<br>Martha Castro individually and on behalf of all others similarly situated |

42591774.1