UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA CASTRO, individually and on behalf of all those similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | No.  2:20-cv-00928-JAM-KJN<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

　　　Plaintiff Martha Castro ("Plaintiff") filed this putative class action against her former employer, Defendant Walmart, Inc. ("Walmart" or "Defendants"), for violating California's labor laws.  First Amended Compl. ("FAC"), ECF No. 8.  Defendant now moves to dismiss Plaintiff's failure to provide accurate wage statements claim (California Labor Code § 226).  Mot. to Dismiss ("Mot."), ECF No. 9.  Plaintiff opposes this motion.  Opp'n, ECF No. 12.

　　　For the reasons set forth below, the Court GRANTS Defendants' motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for July 28, 2020.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff Martha Castro worked as a greeter at Defendant's Walmart store in Roseville, California for thirteen years. FAC ¶ 13. Plaintiff alleges Walmart committed various California Labor Code violations, including: (1) failing to pay all wages for time worked; (2) failing to pay all wages owed at termination; (3) failing to provide Plaintiff and putative class with accurate itemized wage statements. FAC ¶¶ 21-53.

Plaintiff filed her Complaint in Placer County Superior Court on March 24, 2020. Notice of Removal, ECF No. 1, ¶ 1. Walmart removed the case to federal court on May 6, 2020, alleging jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Id. ¶ 2; 28 U.S.C. § 1332(d). Plaintiff subsequently filed an amended complaint. See FAC. Walmart moves to only dismiss the claim for failure to provide accurate itemized wage statements.

II.   OPINION

A.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Courts must dismiss a suit if the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This plausibility standard requires "factual content that allows the court to draw a reasonable inference that the defendant is

2

liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "At this stage, the Court "must accept as true all of the allegations contained in a complaint." Id. But it need not "accept as true a legal conclusion couched as a factual allegation." Id.

    B.   Analysis

        1. Failure to Furnish Accurate Itemized Wage Statements

California Labor Code Section 226 itemizes nine categories of information that must be included in a wage statement. See Cal. Lab. Code § 226. If an employee suffers injury by an employer's knowing and intentional failure to provide such information, she is entitled to recover damages as prescribed in the statute and reasonable attorney's fees. Id.

Plaintiff alleges that Defendants:

> [F]ailed to include accurate hours and gross wages earned due to Defendants' systematic policies of failing to compensate Plaintiff and members of the Plaintiff Class for all time worked, including time spent "off the clock."

FAC ¶ 85. Defendants argue this claim is "completely derivative of her off-the-clock claim" and therefore must be dismissed. Reply at 2. The Court agrees.

As Walmart points out, this Court decided this exact issue in Krauss v. Wal-Mart, Inc., No. 19-cv-00838, 2019 WL 6170770l, at *4 (E.D. Cal, Nov. 20, 2019). Reply, ECF No. 13, at 2. In Krauss, the plaintiff brought a Section 226 claim alleging she and other putative class members were required to work off the clock and through meal breaks. Id. at *4. In its analysis, the Court relied on Maldonado v. Epsilon Plastics, which held that an inaccurate wage claim that "boils down to the proposition

that any failure to pay overtime . . . also generates a wage statement injury," is an impermissible double recovery. 22 Cal. App. 5th 1308, 1336 (2018). <u>Maldonado</u> clarified that "only the absence of <u>hours worked</u> will give rise to an inference of [Wage Statement] injury," since the absence of <u>wages earned</u> will be remedied by a wage and hour claim. <u>Id.</u> at 1337. Finding that plaintiff's claim boiled down to the proposition that failure to pay for time worked off-the-clock also violated wage statement laws, this Court dismissed plaintiff's Section 226 claim in <u>Krauss</u>. 2019 WL 6170770l, at *4.

Plaintiff's claim here, like the claim in <u>Krauss</u>, is entirely derivative of her off-the-clock claim and impermissibly seeks a double recovery. Plaintiff argues Walmart violated accurate wage statement law by failing to compensate her and putative class members for time spent "off the clock." FAC ¶ 85. Plaintiff contends her claim is based on the absence of "hours worked," and, therefore, entitles her to recovery under Section 226. Opp'n at 5. The Court disagrees. This claim is based on "wages earned" since her allegation for failure to compensate off-the-clock work will be remedied by her wage and hour claim. <u>Maldonado</u>, 22 Cal. App. 5th at 1337. This interpretation is supported by the purpose of Section 226, which is "to <u>document</u> the <u>paid wages</u> to ensure the employee is fully informed regarding the calculation of those wages." <u>Id.</u> (quoting <u>Soto v. Motel 6 Operating</u>, L.P. 4 Cal. App. 5th 385, 392 (2016)). Here, it is undisputed that the wage statements accurately reflected the calculation of the wages that were actually paid to Plaintiff. And although those wages do not

4

accurately reflect the "wages earned," Plaintiff cannot also recover for that violation under Section 226. The Court further finds that any attempt to amend this claim would be futile and therefore Plaintiff's itemized wage statement claim is DISMISSED WITH PREJUDICE.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Third Cause of Action WITH PREJUDICE.

IT IS SO ORDERED.

Dated: August 17, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE